## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NAN, INC.,

         Plaintiff,

         v.

WOOD ENVIRONMENT &
INFRASTRUCTURE SOLUTIONS, INC.,

         Defendant.

Civil Action No. 21-707 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Nan, Inc.'s ("Nan") Motion for Reconsideration. (ECF No. 29.) Defendant Wood Environment & Infrastructure Solutions, Inc. ("Wood") opposed (ECF No. 31), and Nan did not reply. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Nan's Motion.

The Court need not recite the facts and instead adopts the background from its February 2, 2022 Memorandum Opinion. *Nan, Inc. v. Wood Env't & Infrastructure Sols., Inc.*, No. 21-707, 2022 WL 317084, at *1 (D.N.J. Feb. 2, 2022), ECF No. 27. Nan's motion for reconsideration zeroes in on the Court's ruling on its claim under the New Jersey Prompt Payment Act, N.J. Stat. Ann. § 2A:30A-2(b) (the "Act"). Specifically, the Court dismissed that claim because the parties had agreed to non-statutory payment terms, including the timing of payment. *Nan*, 2022 WL 317084, at *5. Reading the plain language of the statute, the Court reasoned that the Act did not apply when "the parties ha[d] . . . otherwise agreed in writing" to payment terms—in which case, contract (and not statutory) remedies would attach to any breach of the payment terms. *Id.* (quoting

N.J. Stat. Ann. § 2A:30A-2(b)). The Court also recognized the dearth of cases interpreting the Act and invited Nan to clarify its claim under the Act in an amended complaint. *Id.* at *5.

Rather than do so, however, Nan greeted the Court with this Motion. Accusing the Court of a "manifest" and "obvious" error of law, Nan contends that the New Jersey Legislature intended the Act to attach to every breach involving untimely paid subcontractors. (Nan's Moving Br. 1-4, ECF No. 29-1 ("The Legislature's stated purpose was to enshrine statutory remedies for subcontractors 'who are not paid in a timely way in connection with [their] private contract.'" (alteration in original)).) Nan further argues that the Court should eschew a literal reading of the Act to ensure that subcontractors are due their statutory remedies, including attorneys' fees. (*Id.* at 10-12 ("These remedies, especially attorneys' fees and costs, are not available for mere breach of contract causes of action.").) In other words, according to Nan, the Court got it wrong because it cut off Nan's statutory access to fees.

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. *See* L.Civ.R. 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Significantly, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court decided the original decision.

*See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992); *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

Nan's Motion rests on the third factor. But the problem for Nan is that any purported error by the Court is far from obvious. As Nan admits in its brief, a case from the New Jersey Appellate Division aligns with the Court's reasoning. (Nan's Moving Br. 7.) In *Petric & Associates, Inc. v. CCA Civil, Inc.*, the court interpreted the Act and emphasized that the Act's "otherwise agreed in writing" language barred statutory remedies when—perhaps, self-evidently—the subcontract provided its own payment terms. No. A-3571-17T2, 2020 WL 3041418, at *15 (N.J. Super. Ct. App. Div. June 8, 2020) (per curiam). "Therefore, defendant's failure to disburse funds to plaintiff was governed by the subcontract and not the [Act] . . . ." *Id.* Put differently, the *Petric* Court pinpointed that the Act will not apply when a subcontract already provides a subcontractor with remedies at law. Nan's answer to the *Petric* Court is that it too was wrong. Admirable as Nan's everyone-is-wrong-but-me advocacy is, it does not show a clear error of law.

Indeed, Nan's two other marquee cases do not persuade the Court that it committed a clear error or manifest injustice. Nan cites two other New Jersey Appellate Division cases that reveal "a tacit acknowledgement that subcontractors can agree in writing to other payment terms (thereby modifying the payment deadline requirements of the [Act]) without waiving their rights and

3

remedies under the [Act]." (Nan's Moving Br. 5-7 (citing *J&M Interiors, Inc. v. Centerton Square Owners, LLC*, No. A-2536-19, 2021 WL 1976648 (N.J. Super. Ct. App. Div. May 18, 2021) (per curiam); *Shore Mech. Contractors, Inc. v. W.G. Osborne Constr., L.L.C.*, No. A-1796-07, 2008 WL 4107985 (N.J. Super. Ct. App. Div. Sept. 8, 2008) (per curiam)).) A tacit acknowledgement is not an obvious one. Neither case squarely addresses the meaning of the "otherwise agreed in writing" language in the Act. *Shore Mechanical* dealt with when the Act became operative; *J&M Interiors* dealt with the interpretation of a waiver provision in a contract. *Shore Mech.*, 2008 WL 4107985, at *2; *J&M Interiors*, 2021 WL 1976648, at *5. Nothing in those cases reveals that the courts even considered the statutory argument Nan now asserts on reconsideration. All this to say that even if those courts preserved the Act's remedies, they do not establish that the Court made a clear error of law.

That said, the Court echoes its prior reasoning—few authorities help guide the Court in applying the Act to the facts of this case. Nan's argument as to the legislative intent of the Act is helpful but it is not enough to justify the "extraordinary remedy" of reconsideration. Indeed, if the New Jersey Legislature intended the Act's statutory remedies to attach to all breaches of subcontracting agreements, then Nan might be on to something.[1] At this juncture, however, the Court is not convinced that the New Jersey Legislature meant to vest all unpaid subcontractors with attorneys' fees. Just as easily, the New Jersey Legislature could have intended the Act to serve a subset of subcontracting agreements by providing a gap-filling ten-day payment period for

---

[1] The Court notes that Nan relies heavily on prevailing subcontracting practices in its brief. (Pl.'s Moving Br. 2-4.) Prevailing practices may be helpful to show how a statute ought to be construed, but they cannot defeat the unambiguous plain language of the statute. *See Marino v. Marino*, 981 A.2d 855, 863 (N.J. 2009) ("We will not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" (alteration in original) (quoting *O'Connell v. State*, 795 A.2d 857, 859 (N.J. 2002))).

subcontractors that did not agree to payment terms—perhaps in recognition that subcontractors may face unequal bargaining power when dealing with prime contractors.

The Court cannot say for sure either way. Because it cannot, Nan has not shown a clear error of law or a manifest injustice. For now, Nan has maintained its claim under the Act in its Amended Complaint. Should Wood move to dismiss this claim, the Court will consider Nan's arguments as to the Act's legislative intent. To that end, the Court will relax the law-of-the-case doctrine, as it reached its preliminary ruling on the plain meaning of the Act without the benefit of complete briefing. *See Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997) ("The law of the case doctrine does not limit a federal court's power; rather, it directs its exercise of discretion." (citations omitted)).

**IT IS THEREFORE**, on this <u>28th</u> day of September 2022, **ORDERED** as follows:

1.      Nan's Motion for Reconsideration (ECF No. 29) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE